IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ROBERT J. LARISON, JR., )
)
    Plaintiff, )
)
v. ) CASE NO. CV415-184
)
ATLANTIC COAST BANK and )
ATLANTIC COAST FINANCIAL )
CORPORATION, )
)
    Defendants. )
)

## O R D E R

Before the Court is Defendant Atlantic Coast Bank ("Bank") and Atlantic Coast Financial Corporation's ("ACFC") Motion to Transfer Venue. (Doc. 10.) In the motion, Defendants seek to transfer this case to the Middle District of Florida, Jacksonville Division. (Id. at 1.) After careful consideration, Defendants' motion is **GRANTED**. The Clerk of Court is **DIRECTED** to **TRANSFER** this case to the **United States District Court for the Middle District of Florida, Jacksonville Division**. Following transfer, the Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

Plaintiff Robert Larrison was an employee of Defendant Bank. (Doc. 1, Attach. 1 at 1.) Plaintiff served as President of the Bank and Chief Executive Officer of

Defendant ACFC. (Id.) On September 2, 2011, Plaintiff entered into an agreement with Defendants to retire from these positions on February 29, 2012. (Id.) Under the terms of the agreement, Plaintiff was to serve as a consultant for Defendants for a one year term which was to expire on February 28, 2013. (Id.) After signing the agreement, Plaintiff underwent open heart surgery and spent sixty days out of work on Family and Medical Leave Act ("FMLA") leave. (Doc. 1 at 4.) In June 2012, Plaintiff also requested leave under the FMLA in order to care for his ill parents, but was terminated instead. (Id. at 5.) Plaintiff filed a complaint on June 24, 2015, alleging two claims under the FMLA and one claim for breach of contract. (Id. at 1.) Defendants filed a Motion to Transfer Venue on August 24, 2015, alleging that this case should be transferred to the Middle District of Florida in the best interests of justice and the parties. (Doc. 10.)

## ANALYSIS

28 U.S.C. § 1404(a) allows a district court, in the interest of justice and for the convenience of the parties and witnesses, to transfer any civil action to a district where it might have been originally brought. "[T]he burden is on the movant to establish that the suggested forum is more convenient." In re Ricoh Corp., 870 F.2d 570, 573

(11th Cir. 1989). As a preliminary matter, Defendants have made the requisite showing that the action could have been brought in the Middle District of Florida: Defendants are residents of, maintain their corporate office in, and regularly conduct business in Jacksonville, Florida. (Doc. 10 at 2.) Plaintiff does not contest that the action could have been brought in the Middle District of Florida.

Still, after this threshold determination is satisfied, transfer becomes a discretionary matter to be decided by the Court after consideration of the convenience of the parties and witnesses and in the interests of justice. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Courts consider several factors in evaluating a § 1404(a) motion, including "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th

3

Cir. 2005). Generally, a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. 1981)(overruled on other grounds).[1] However, "[t]he significance of plaintiff's choice is diminished if the forum selected is not the home district of any parties involved in the action." Aeroquip Corp. v. Deutsch Co., 887 F. Supp. 293, 294 (S.D. Ga. 1995) (citing Haworth, Inc. v. Herman Miller, Inc., 821 F. Supp. 1476, 1479 (N.D. Ga. 1992); Elec. Transaction Network v. Katz, 734 F. Supp. 492, 501 (N.D. Ga. 1989)).

Defendants first argue that this case should be transferred because all key witnesses reside in or around the Middle District of Florida. (Doc. 10.) Defendants cite to six witnesses who are arguably "key," including several current and former members of Defendants' board.[2] (Doc. 29 at 3-4.) Second, Defendants argue that all trial exhibits and evidence are located at Defendants' Jacksonville offices. (Doc. 10 at 9.) Third, Defendants argue that all of the parties reside in the Middle District of Florida.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.
[2] For purposes of the motion Defendants Bank and ACFC appear to share the same board. (Doc. 29, Attach. 1 at 3.)

4

(Id. at 10.) Fourth, Defendants argue that all operative facts, including Plaintiff's allegations of breach of contract and violation of the FMLA, occurred in the Middle District of Florida. (Id.) Fifth, Defendants argue that because all relevant witnesses reside in the Middle District of Florida, keeping the case in this district will hamper the parties' ability to compel unwilling witnesses. (Id. at 11.) Sixth, Defendants argue that it would be inconvenient for all parties to travel to the Savannah for hearings and trial as all parties reside in or around Jacksonville. (Id.) Seventh, Defendants argue that the Middle District of Florida is more familiar with Florida law. (Id. at 13.) Eighth, Defendants argue that Plaintiff's forum selection should be given little weight because there is no relation between Plaintiff's lawsuit and this district. (Id. at 14.) Finally, Defendants argue that jurors at trial may be deprived of live witnesses because of the distance witnesses would be required to travel if this case were heard in Savannah. (Id. at 15.)

Plaintiff disagrees with Defendant. Plaintiff argues that this Court should retain jurisdiction because Defendant Bank maintains corporate offices in Waycross, Georgia and branch offices in Waycross, Garden City, and Saint Simons Island in Georgia. (Doc. 20 at 3-4.)

Furthermore, Plaintiff corresponded about his termination with Defendant Bank's then President and CEO at offices in Waycross, Georgia (id. at 4), and some members of Defendant Bank's Board of Directors reside in the Southern District of Georgia (id.). Plaintiff, however, has not argued that a transfer to the Middle District of Florida would inconvenience or prejudice him. See Wamstad v. Haley Const., Inc., 2009 WL 1855841, *2 (S.D. Ala. June 29, 2009)

After careful consideration, the Court agrees with Defendants that this case should be transferred. As an initial matter, all witnesses in this case, including Plaintiff,[3] reside in or around the Middle District of Florida. Likewise, all exhibits are housed in the Middle District of Florida. While Plaintiff argues that there are some members of Defendants' board that reside in Georgia, he does not argue either that he intends to call these individuals as witnesses, or that these individuals are relevant to any issues raised in his complaint. (Doc. 20 at 13.) Defendants' proffer of six relevant witnesses whom would all be required to travel to Savannah at Defendants'

---

[3] Plaintiff argues that he "maintain[s] a residence in Waycross." (Doc. 20 at 16.) However, he admits that he is not a full-time resident of Waycross and does not contest that he is a resident of the Middle District of Florida. Furthermore, Plaintiff admits that his lack of full-time residency lessens the deference that this Court should give to his choice of forum. (Id.)

6

expense is, by contrast, evidence that weighs heavily in favor of transfer. See Bell v. Rosen, 2015 WL 5595806, at * 7 (S.D. Ga. Sept. 22, 2015) ("Convenience of the witnesses is the most important factor to consider under Section 1404(a)."). Accordingly, factors 1, 2, 3, and 6 all support transfer.[4]

With respect to factor 4, the locus of operative facts occurred in Jacksonville, Florida. See Eagle N. Am., Inc. v. Tronox, LLC, 2008 WL 1891475, *5 (S.D. Ga. 2008) (granting transfer because "this forum has no particular local interest in the outcome of this case"). The agreement that forms the basis for Plaintiff's complaint is addressed to Plaintiff at his Florida residence and was to be returned to Defendant Bank's corporate offices in Florida. (Doc. 1, Attach. 1 at 1.) Plaintiff requested leave through Defendant Bank's Jacksonville based human-resources department, and it was this department that processed and approved Plaintiff's request. (Doc. 10, Attach. 1 at 3.) Plaintiff asserts that he appealed his termination to the Board of Directors at their office location in Georgia. (Doc. 20 at 12.) However, Plaintiff's argument is

---

[4] Factors 5 and 9 appear to be equally balanced factors. There is no evidence that the party witnesses Defendant lists would be unavailable for deposition or to appear at trial.

7

unsupportable because all such meetings were held in Florida or via teleconference. (Doc. 29, Attach. 1 at 3.) Plaintiff argues that he occasionally traveled to Georgia for work, but has provided no evidence as to how this travel relates to his breach of contract or FMLA claims. Because the operative facts of this case occurred in Jacksonville, factor 4 weighs heavily in favor of transfer.

Turning to the remaining factors, neither this forum's familiarity with governing law nor Plaintiff's choice of forum justify this Court retaining jurisdiction. While this Court certainly could interpret Florida law if required to do so, the Middle District of Florida is undoubtedly more familiar with Florida law.[5] Likewise, Plaintiff's choice of forum is accorded little weight because he does not reside in, and this case's locus of operative facts does not revolve around, this district. See Rigby v. Flue-Cured Tobacco Co-op. Stabilization Corp., 2006 WL 1312412, at * 5 (M.D. Ga. May 11, 2006) (noting that "plaintiff's choice of forum is afforded less weight if the plaintiff resides outside the forum due to the difficulty plaintiff will have in showing why the original forum is more convenient," and

---

[5] Notably, Plaintiff does not contest that Florida law would need to be applied in this case. Plaintiff merely argues that this Court could apply Florida law if necessary. (Doc. 20 at 14.)

8

that "a plaintiff's choice of forum is also afforded little weight if the majority of the operative events occurred elsewhere"). Accordingly, factors 7 and 8 also justify transfer. Plaintiff points to nothing that outweighs the interests of the witnesses likely to be involved in this case, the parties themselves, or the reality that the operative facts of the case revolve around Florida.[6]

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer Venue (Doc. 10) is **GRANTED**. The Clerk of Court is **DIRECTED** to **TRANSFER** this case to the **United States District Court for the Middle District of Florida, Jacksonville Division**. Following transfer, the Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 15th day of April 2016.

                                               WILLIAM T. MOORE, JR.
                                               UNITED STATES DISTRICT COURT
                                               SOUTHERN DISTRICT OF GEORGIA

---

[6] In fact, the vast majority of Plaintiff's arguments including that Plaintiff worked in Waycross, Georgia; maintains a part time residence in Waycross; and that Defendant Bank's principle place of business used to be in Waycross, Georgia appear to support jurisdiction in the Waycross division. With the exception of one branch office in Garden City, Plaintiff has provided virtually no evidence supporting jurisdiction in the Savannah Division of the Southern District of Florida.

9